IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JACOB H. HARTEL,                          6:17-cv-00471-BR

        Plaintiff,                        OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,[1]

        Defendant.


**RICHARD F. MCGINTY**
McGinty & Belcher, Attorneys
P.O. Box 12806
Salem, OR 97301
(503) 371-9636

        Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1]  The official title of the head of the Social Security
Administration (SSA) is the "Commissioner of Social Security."
42 U.S.C. § 902(a)(1).  A "public officer who sues or is sued in
an official capacity may be designated by official title rather
than by name."  Fed. R. Civ. P. 17(d).  This Court, therefore,
refers to Defendant only as Commissioner of Social Security.

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**RYAN TA LU**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2034

Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Jacob H. Hartel seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff protectively filed his applications for DIB and SSI benefits on October 31, 2012. Tr. 14.[2] Plaintiff alleges a disability onset date of August 15, 2008. Tr. 14. Plaintiff's

---

[2] Citations to the official transcript of record filed by the Commissioner on September 15, 2017, are referred to as "Tr."

applications were denied initially and on reconsideration.  An
Administrative Law Judge (ALJ) held a hearing on May 26, 2015.
Tr. 14, 34-87.  Plaintiff, a vocational expert (VE), and a
medical expert testified.  Plaintiff was represented by an
attorney at the hearing.  A supplemental hearing was held on
September 4, 2015.  Tr. 14, 106-38.  Plaintiff was present and
represented by an attorney at the supplemental hearing, and a
medical expert testified.

On September 24, 2015, the ALJ issued an opinion in which he
found Plaintiff is not disabled and, therefore, is not entitled
to benefits.  Tr. 14-27.  On October 18, 2015, Plaintiff
requested review by the Appeals Council.  Tr. 10.  On January 26,
2017, the Appeals Council denied Plaintiff's request to review
the ALJ's decision, and the ALJ's decision became the final
decision of the Commissioner.  Tr. 1-5.  *See Sims v. Apfel*, 530
U.S. 103, 106-07 (2000).

On March 24, 2017, Plaintiff filed a Complaint in this Court
seeking review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born on May 19, 1982.  Tr. 331.  Plaintiff was
thirty-three years old at the time of the first hearing.
Plaintiff has a high-school education and one year of college.
Tr. 39.  The ALJ found Plaintiff has past relevant work

experience as a fast-food worker, graphic designer, kitchen helper, and cashier.  Tr. 26-27.

Plaintiff alleges disability due to severe neck/shoulder/back spasms, post-traumatic stress disorder (PTSD), fibromyalgia, irritable-bowel syndrome (IBS), attention-deficit/ hyperactivity disorder (ADHD), and depression.  Tr. 365.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 17-26.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision
if it is based on proper legal standards and the findings are
supported by substantial evidence in the record as a whole.  42
U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*,
682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]
but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for evaluating a claimant's
testimony, resolving conflicts in the medical evidence, and
resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th
Cir. 2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).

# DISABILITY ANALYSIS

## I.   The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a

regular and continuing basis despite his limitations.  20 C.F.R.
§§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling
(SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a
day, for 5 days a week, or an equivalent schedule."  SSR 96-8p,
at *1.  In other words, the Social Security Act does not require
complete incapacity to be disabled.  *Taylor v. Comm'r of Soc.
Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair
v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the
Commissioner determines the claimant retains the RFC to perform
work he has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv),
416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine
whether the claimant is able to do any other work that exists in
the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the
burden shifts to the Commissioner to show a significant number of
jobs exist in the national economy that the claimant can perform.
*Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th
Cir. 2010).  The Commissioner may satisfy this burden through the
testimony of a VE or by reference to the Medical-Vocational
Guidelines (or the grids) set forth in the regulations at 20
C.F.R. part 404, subpart P, appendix 2.  If the Commissioner
meets this burden, the claimant is not disabled.  20 C.F.R.

§ 404.1520(g)(1), 416.920(g)(1).

At Step One the ALJ found Plaintiff has not engaged in
substantial gainful activity since August 15, 2008, Plaintiff's
alleged disability onset date.  Tr. 17.

At Step Two the ALJ found Plaintiff has the severe
impairments of musculoskeletal complaints related to the
trapezius, left leg, and low back; fibromyalgia; gastrointestinal
issues; depression; and marijuana use.  Tr. 17.

At Step Three the ALJ concluded Plaintiff's medically
determinable impairments do not meet or medically equal one of
the listed impairments in 20 C.F.R. part 404, subpart P,
appendix 1.  Tr. 18.  The ALJ found Plaintiff has the RFC to
perform light work with the following limitations:  cannot climb
tall ladders or work near heights; cannot crawl; should not push
or pull objects above the light-exertional level of twenty
pounds; cannot perform intense twisting of the upper body; cannot
perform high-stress work; cannot work in large groups of people;
cannot perform security work; cannot be in charge of the safety
of others; and cannot perform fast-paced production work.  The
ALJ found Plaintiff is able to perform occasional postural
movements, to perform occasional overhead work, to work
independently, and to have five or ten minute interactions with

the general public.  The ALJ also found Plaintiff would be off-task for six percent of the workday, would move at a low to average pace but within the mean average, and would have to stand and to stretch for one to three minutes every hour.  Tr. 21.

At Step Four the ALJ concluded Plaintiff is able to perform his past relevant work as a cashier.  Tr. 26.  Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 26-27.  Accordingly, the ALJ was not required to proceed to Step Five.  20 C.F.R. § 404.1520(a)(4)(iv).

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) discounted Plaintiff's subjective symptom testimony, (2) improperly rejected the lay-witness testimony of Plaintiff's mother, (3) improperly evaluated the medical evidence of two examining physicians, and (4) improperly concluded at Step Four that Plaintiff could perform his past relevant work.

## I.   The ALJ did not err when he found Plaintiff's testimony was not fully credible.

Plaintiff contends the ALJ erred when he failed to fully credit Plaintiff's symptom testimony.

### A.   Standards

In *Cotton v. Bowen* the Ninth Circuit established two

requirements for a claimant to present credible symptom
testimony:  The claimant must produce objective medical evidence
of an impairment and must show the impairment or combination of
impairments could reasonably be expected to produce some degree
of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The
claimant, however, need not produce objective medical evidence of
the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is
not any affirmative evidence of malingering, the ALJ can reject
the claimant's testimony only if she provides clear and
convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742,
750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834
(9th Cir. 1995)).  General assertions that the claimant's
testimony is not credible are insufficient.  *Id*.  The ALJ must
identify "what testimony is not credible and what evidence
undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81
F.3d at 834).

## B.  Medical Evidence

Plaintiff contends the medical opinions of David M.
Freed, Ph.D., a neuropsychologist who examined Plaintiff in June
2015, and Daniel L. Scharf, Ph.D., a clinical psychologist who
examined Plaintiff in July 2015, establish Plaintiff's mental
disability and support Plaintiff's testimony.

On June 17, 2015, Dr. Freed examined Plaintiff at the

request of his attorney.  At the time of the examination
Plaintiff appeared depressed with a restricted range of affect,
but he was fully oriented and cooperative during the examination
and was persistent and motivated during testing.  Dr. Freed
opined Plaintiff struggles to remember daily work routines and
procedures, suffers from recurrent depressive and anxious
symptoms, and meets the criteria for ADHD.  Dr. Freed also
concluded Plaintiff would be distracted from eleven to twenty
percent of the work day.  Dr. Freed concluded Plaintiff
demonstrates moderate impairments in attention, concentration,
verbal fluency, memory, and executive function and mild
impairment in visuospatial abilities.  Tr. 682-92.

On June 29, 2015, Dr. Scharf examined Plaintiff at the
request of Disability Determination Services on behalf of the
Commissioner.  Dr. Scharf indicated Plaintiff has mild
limitations in his ability to understand, to remember, to carry
out complex instructions, and to make judgments on complex work-
related issues.  Dr. Scharf concluded Plaintiff is "well-
developed" in cognitive abilities in the areas of verbal
comprehension, visual spatial skills, and memory, but he
demonstrates deficits in memory and processing speed.
Dr. Scharf also diagnosed Plaintiff with ADHD.  Tr. 710-20.

### C. Analysis

The ALJ discounted Plaintiff's testimony on the grounds

that his testimony was not supported by the medical record or Plaintiff's reported activities. The ALJ also noted Plaintiff failed to follow up with recommended treatment and Plaintiff's treating physician reported suspicions of secondary gain that eroded Plaintiff's credibility. Tr. 24-26.

### 1. Medical Records

Plaintiff testified he cannot work because of a combination of physical pain and mental limitations, some of which resulted from a severe motor accident in 2002. Tr. 21, 43-44. Plaintiff stated in his Function Report that he has difficulties with memory, task completion, and concentration and can only pay attention for 20 minutes. He also stated he cannot walk more than one block and has difficulty lifting more than ten pounds. Tr. 379.

The ALJ discounted Plaintiff's testimony regarding his mental limitations on the ground that the "objective tests demonstrated normal cognitive functioning and are not consistent with the severity of the mental health impairments [Plaintiff] has alleged." Tr. 24-25. The ALJ noted Plaintiff has a full-scale IQ score of at least 98 and obtained a score of 27/30 during mental-status testing. The ALJ also noted Plaintiff was able to sit through three and one-half hours of examinations "without difficulty," had normal affect and mood, and was consistently oriented during the examinations. The ALJ also

noted Plaintiff was able to perform "moderately complex 3-step instruction" and easily followed instructions during clinical tests.  Tr. 24.

The ALJ found the medical evidence contradicted Plaintiff's testimony regarding his alleged symptoms and limitations.

### 2.    Activities of Daily Living

Plaintiff contends the ALJ erred when he discounted Plaintiff's symptom testimony based on Plaintiff's reported daily activities.  As noted, Plaintiff asserts he cannot walk more than one block; has difficulty lifting more than ten pounds; can only pay attention for 20 minutes; and has difficulty with memory, task completion, and concentration.  Tr. 379.

The ALJ noted Plaintiff is able to live independently and to perform household chores such as preparing meals, cleaning, doing laundry, watering plants, and caring for pets.  Plaintiff is also able to drive and to shop for groceries. Plaintiff reported he engages in hobbies and interests such a graphic design, 3D modeling, digital photography, history, art, and science fiction.  Tr. 25, 375.  Plaintiff also testified he spends "up to" nine hours a day on his computer surfing the internet, watching YouTube videos, or playing video games. Tr. 59.

The ALJ concluded these activities indicate "a

higher level of function" than Plaintiff alleges.  Tr. 25.

### 3.    Treatment Follow-Up and Secondary Gain

Eleanor Zawada, M.D., Plaintiff's primary-care physician, referred Plaintiff for physical rehabilitation related to muscle strain, but Plaintiff did not follow through with this referral.  On May 1, 2013, Dr. Zawada also questioned Plaintiff's reported increase in frequency of fibromyalgia flares and noted "some conflict with secondary gain issues."  Tr. 566.  The ALJ found Dr. Zawada's notes "erod[ed]" Plaintiff's credibility. Tr. 25.

Plaintiff asserts these reasons do not constitute substantial evidence to support the ALJ's finding that Plaintiff's testimony was not fully credible.  The Commissioner, in response, asserts even if these are not valid reasons to discount Plaintiff's testimony, the ALJ has provided other valid reasons for doing so.

In *Carmickle v. Comm'r. Soc. Sec. Admin.* the Ninth Circuit held the ALJ's reliance on invalid reasons to reject a claimant's allegations was harmless error when the ALJ gave other valid reasons supported by substantial evidence for doing so. 533 F.3d 1155, 1162-63 (9th Cir. 2008).

On this record the Court concludes even if the ALJ relied on these reasons to discount Plaintiff's testimony and these reasons are invalid, it is harmless error because the ALJ

provided other valid reasons for discounting Plaintiff's testimony.

In summary, the Court concludes the ALJ did not err when he discounted Plaintiff's testimony and found it was not fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

## II. The ALJ gave germane reasons for discounting lay-witness evidence.

Plaintiff contends the ALJ erred when he failed to provide reasons that are germane to the lay-witness statements of Kathryn Alexander, Plaintiff's mother, regarding Plaintiff's limitations.

The Commissioner, however, contends the ALJ properly discounted the lay-witness statement of Alexander for the same reasons that the ALJ found Plaintiff's testimony was not fully credible.

### A. Standards

Lay-witness testimony regarding a claimant's symptoms is competent evidence that the ALJ must consider unless he "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel,* 236 F.3d 503, 511 (9th Cir. 2001). The ALJ's reasons for rejecting lay-witness testimony must also be "specific." *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006). Nevertheless, an ALJ is not required to address each lay-witness statement or testimony on an "individualized, witness-by-witness-

basis.  If the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness."  *Molina v. Astrue,* 674 F.3d 1104, 1114 (9th Cir. 2012)(quotation omitted).

Germane reasons for discrediting a witness's testimony include inconsistency with the medical evidence and the fact that the testimony "generally repeat[s]" the properly discredited testimony of a claimant.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  *See also Williams v. Astrue*, 493 F. App'x 866 (9th Cir. 2012).

**B.  Analysis**

In January 2013 Alexander stated in her Third-Party Function Report that Plaintiff is "often in too much pain to even leave the house[,] can't even do housework[, and] rarely goes anywhere."  Tr. 389.  Alexander also indicated Plaintiff "mostly watches TV or uses his computer."  Tr. 390.  Alexander indicated, however, that Plaintiff "goes for a short walk around the block," takes "short trips of not much over ½ hour" in the car, and "occasionally" shops for food.  Tr. 392.  She also stated Plaintiff goes to counseling once a week, enjoys visiting her friends who come over, and "gets along well with most people and is always pleasant."  Tr. 393-94.

The ALJ considered the report of Alexander regarding Plaintiff's activities.  Tr. 26.  The ALJ, however, noted

Plaintiff "reported being able to drive, grocery shop, perform adequate self-care[,] and prepare simple meals." Although the ALJ acknowledged Plaintiff has some physical and mental limitations, the ALJ concluded "the objective medical record is not consistent with the extent of the limitation [Plaintiff] allege[s]."

Although the ALJ did not specifically identify the weight he gave to Alexander's statements, it is clear from the ALJ's explanation that he was at least partially rejecting her testimony. On this record the Court concludes the ALJ gave "germane" reasons for discounting the lay-witness statements of Alexander.

## III. The ALJ did not err in his evaluation of the opinions of Drs. Freed and Scharf, examining psychologists.

Plaintiff contends the ALJ did not properly evaluate the opinions of Drs. Freed and Scharf, examining psychologists.

### A. Standards

The ALJ is responsible "for determining credibility, resolving conflict in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The ALJ may reject a doctor's opinion when it is contradicted by another doctor's opinion by providing "specific and legitimate reasons that are supported by substantial evidence" for doing so. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ may discount a doctor's opinion to the

17 – OPINION AND ORDER

extent that it is unreasonable based on other evidence in the record and incompatible with a claimant's level of activities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).

## B. Analysis

### 1. Dr. Freed

Plaintiff contends the ALJ erred when he failed to include in his evaluation of Plaintiff's RFC the limitations found by Dr. Freed.

On June 17, 2015, at the request of Plaintiff's attorney, Dr. Freed examined Plaintiff. Dr. Freed concluded Plaintiff's functional limitations "reflect an average level of functioning since August 15, 2008." Tr. 682. As part of his assessment Dr. Freed completed a Functional Assessment Form and indicated Plaintiff was "moderately" impaired in maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance, completing a normal work week, performing at a consistent pace without an unreasonable number and length of rest periods, and responding appropriately to changes in a work setting. Tr. 691-92. The Form defined "moderate" as "able to perform designated task or function, but has or will have noticeable difficulty (distracted from job activity) from 11-20 percent of the work day or work week (*i.e.*, more than 1 hour per day but less than 1½

hours per day)." Plaintiff contends the ALJ erred when he did not include this restriction in his evaluation of Plaintiff's RFC.

The ALJ gave "some weight" to Dr. Freed's opinion as to Plaintiff's mental status and cognitive testing, but he gave "little weight" to Dr. Freed's opinion that Plaintiff would struggle to complete a regular workday and would have difficulty sustaining attention to complete tasks due to pain. The ALJ concluded Plaintiff was able to perform light work with a limitation that Plaintiff would be "off task for six percent of the work day." Tr. 21.

The ALJ reasonably discounted Dr. Freed's opinion because it was based primarily on Plaintiff's subjective testimony, which the ALJ had discounted. When a doctor's opinion is "based to a large extent on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount" the opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The ALJ also concluded Dr. Freed's opinion was in contrast to Plaintiff's "objective performance during evaluation." Tr. 26. The ALJ noted Plaintiff obtained a score of 27 out of 30 on mental-status testing indicative of only moderate symptoms. Tr. 24.

On this record the Court concludes the ALJ did not err when he discounted Dr. Freed's opinion because the ALJ

provided specific and legitimate reasons based on substantial evidence in the record for doing so.

### 2. Dr. Scharf

Plaintiff contends the ALJ "cherry picked" Dr. Scharf's opinion, and, in addition, the ALJ erred in his assessment of Plaintiff's RFC when he did not include all of Plaintiff's limitations that were identified by Dr. Scharf.

On June 29, 2015, Plaintiff was examined by Dr. Scharf at the request of the ALJ. Dr. Scharf found Plaintiff was able to understand and to remember moderately complex 3-step instructions, was able to sustain concentration and attention, and was likely to have difficulties with persistence in his attention after one or two hours. Tr. 719-20. Although Plaintiff asserts Dr. Scharf's opinion is consistent with the limitations found by Dr. Freed, Plaintiff contends the ALJ erred when he gave Dr. Scharf's opinion "great weight" but failed to include Dr. Scharf's findings as to Plaintiff's limitations in his evaluation of Plaintiff's RFC.

A claimant's RFC is "the most [he] can do despite [his] limitations" and is based on "all relevant evidence" in the record. 20 C.F.R. § 404.1545(a). In *Rounds v. Commissioner of Social Security Administration* the court found the ALJ did not reject a physician's opinion in a checkbox form that indicated the plaintiff had moderate limitations in her ability to accept

instructions and to respond appropriately to criticism and that the ALJ specifically referred to when evaluating the plaintiff's RFC. 807 F.3d 996, 1005 (9th Cir. 2015). *See also Smith v. Colvin*, No. 3:15-cv-00267-MC, 2016 WL 1065816, at *3 (D. Or. March 15, 2016) ("Moreover, an ALJ's RFC findings are not required to address a physician's checked-box opinion regarding a moderate limitation, where the ALJ notes this opinion and gives it great weight as a whole.")(citing *Rounds*, 807 F.3d at 1005)).

On July 6, 2015, Dr. Scharf completed a Medical Source Statement regarding Plaintiff's ability to do work-related activities. Tr. 710-12. Dr. Scharf indicated Plaintiff has "mild" limitations in his ability to understand, to remember, and to carry out complex instructions. He also found Plaintiff is mildly limited in his ability to make judgments on complex work-related issues. Tr. 710. Dr. Scharf did not indicate any other restrictions or limitations.

Here the ALJ reasonably interpreted Dr. Scharf's opinion and included in his evaluation of Plaintiff's RFC work-related limitations that substantially corresponded to Dr. Scharf's opinion. When an ALJ's findings are consistent with but not identical to a physician's assessed limitations of the claimant, those findings do not constitute a rejection of the physician's opinion. *Turner v. Comm'r of Soc. Sec. Admin.,* 613 F.3d 1217, 1222-23 (9th Cir. 2010)*. See also Thomas v. Colvin*,

No. 3:14-cv-00667-CL, 2015 WL 4603376, at *5 (D. Or. July 29, 2015). In other words, when the ALJ evaluates a claimant's RFC, his findings must merely be consistent with the physician's conclusions rather than a carbon copy of the physician's opinion. *Smith*, 2016 WL 1065816, at *3.

In summary, on this record the Court concludes the ALJ did not err in his assessment of the opinions of Drs. Freed and Scharf because the limitations included in the ALJ's evaluation of Plaintiff's RFC were consistent with the limitations set out in the opinions of Dr. Scharf and the ALJ provided legally sufficient reasons supported by substantial evidence in the record for discounting Dr. Freed's opinions.

**IV. The ALJ did not err at Step Four.**

Plaintiff contends the ALJ erred at Step Four when he concluded Plaintiff could perform his past relevant work as a cashier. Here the ALJ based his conclusion on VE testimony when he found a person of Plaintiff's age, education, background, and RFC could perform the occupation of cashier.

**A.    Standards**

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

The plaintiff has the burden to prove that he cannot

perform his prior relevant work "either as actually performed or as generally performed in the national economy." *Carmickle*, 533 F.3d at 1166.

"Past relevant work" is defined in 20 C.F.R. § 404.1560(b)(1) as work a claimant had done withing the past 15 years, that was substantial gainful activity, and that lasted long enough for the claimant to learn how to do it.

**B.  Analysis**

Plaintiff asserts the ALJ erred at Step Four when he found Plaintiff could perform his past relevant work as a cashier.

Although Plaintiff does not contest his employment as a cashier constituted substantial gainful activity, Plaintiff points out that he only performed the occupation of cashier on a part-time basis, and, therefore, such work should not be considered past relevant work.  In support of his argument Plaintiff cites to SSR 96-8p n.10, but there is not such a footnote for that regulation.  The ALJ, however, noted Plaintiff had worked as a cashier within the past 15 years, found Plaintiff's earnings were consistent with substantial gainful activity, and concluded Plaintiff had held this job for a sufficient length of time to learn how to do it.  Thus, the ALJ concluded Plaintiff could perform his past relevant work as a cashier.  Tr. 27.

On this record, together with Plaintiff's acceptance that his work as a cashier constituted substantial gainful activity, the Court concludes the ALJ properly considered Plaintiff's part-time work as a cashier as past relevant work for purposes of Step Four. *See also Hampton v. Barnhart*, 184 F. App'x 642, at *1 (9th Cir. 2006)(finding work as a movie extra was past relevant work despite its part-time nature).

Plaintiff also contends the limitation of "five to ten minute interactions with the general public" that the ALJ included in his evaluation of Plaintiff's RFC is ambiguous and conflicts with the hypothetical presented to the VE that public interaction was limited to five or ten minutes "per person." Tr. 81.

The record reflects Dr. Scharf, to whose opinion the ALJ gave great weight, did not express any limitations on Plaintiff's interaction with the public. Tr. 711. In addition, Dr. Freed indicated Plaintiff had only a "mild" limitation on his interactions with the public. Tr. 692. Although the ALJ expressed this limitation with less than ideal clarity, on this record the Court concludes it is reasonable to infer that the Plaintiff could tolerate five or ten minutes of interaction with the public on a per-person basis. Accordingly, the Court concludes any ambiguity regarding the limitation on Plaintiff's contact with the public does not constitute error by the ALJ.

Plaintiff also appears to contend the ALJ's hypothetical posed to the VE is not supported by the record, and, therefore, the ALJ's reliance on the VE's testimony does not support the ALJ's determination at Step Four. Plaintiff, however, does not point to any specific evidence to support his contention. To the extent that Plaintiff's position is based on the issues discussed above, the Court has already concluded the ALJ did not err.

Finally, Plaintiff contends the VE's testimony, which was based on the ALJ's evaluation of Plaintiff's RFC, conflicts with the requirements of the *Dictionary of Occupational Titles* (DOT) for the occupation of cashier, but Plaintiff does not identify any part of the VE's testimony that allegedly contradicts the DOT. In addition, Plaintiff asserts the ALJ erred when he did not identify or ask the VE to address any such conflicts, but Plaintiff merely recites the DOT requirements and the limitations included in Plaintiff's RFC without identifying any specific conflict between them.

As noted, the Plaintiff bears the burden at Step Four to show that he is unable to perform his past relevant work. On this record the Court concludes Plaintiff has failed to meet his burden and has not established the ALJ erred at Step Four. Accordingly, the Court concludes the ALJ did not err at Step Four because there is substantial evidence in the record to support

the ALJ's determination that Plaintiff could perform his past relevant work as a cashier.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 26th day of April, 2018.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge